UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LeWanda Jackson,

                Plaintiff,        Case No. 20-cv-12873

v.                                Judith E. Levy
                                 United States District Judge

Commissioner of Social Security,
                                 Mag. Judge Anthony P. Patti

                Defendant.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [25], DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [19], DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT [22], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [24]**

On February 24, 2022, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") (ECF No. 25) recommending that the Court deny as moot Plaintiff LeWanda Jackson's motion for summary judgment (ECF No. 19), deny Plaintiff's amended motion for summary judgment[1] (ECF No. 22), grant Defendant the Commissioner of Social

---

[1] On September 8, 2021, the Magistrate Judge signed a stipulated order allowing Plaintiff to file an amended motion for summary judgment. (ECF No. 21.)

Security's motion for summary judgment (ECF No. 24), and affirm the Commissioner's decision to deny Plaintiff benefits under the Social Security Act between July 24, 2009 (the alleged onset date) and December 31, 2014 (the date last insured). (*See* ECF No. 15-2, PageID.69–70, 77; ECF No. 25, PageID.2086–2088.)

On March 8, 2022, Plaintiff filed two timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (ECF No. 26.) Plaintiff's first objection relates to the Magistrate Judge's finding that substantial evidence supports the Administrative Law Judge's ("ALJ") Step Three[2] determination that Plaintiff's impairments did not meet or medically equal the criteria of Listings 12.04 and 12.06. (*See id.* at PageID.2107–2108.) Plaintiff's second objection relates to the Magistrate Judge's finding that the ALJ did not err in his assessment of Plaintiff's residual

---

[2] "Step Three" refers to the third step in "the five-step sequential evaluation process [the Social Security Administration] use[s] to decide whether [an individual is] disabled." 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). "At the third step in the disability evaluation process, a claimant will be found disabled if his impairment meets or equals one of the listings in the Listing of Impairments." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010)). "Each listing specifies 'the objective medical and other findings needed to satisfy the criteria of that listing.'" *Id.* (quoting 20 C.F.R. § 404.1525(c)(3)).

2

functional capacity ("RFC"). (*See id.* at PageID.2109.) Defendant responded to these objections. (ECF No. 28.)

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied as moot, Plaintiff's amended motion for summary judgment is denied, and Defendant's motion for summary judgment is granted.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 25, PageID.2086–2089.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the

3

basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

In *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019), the Supreme Court articulated the standard the district court must apply when conducting its *de novo* review. The Court indicated that the phrase "substantial evidence" is a "term of art." *Id.* at 1154 (internal citation omitted). "Under

4

the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in original) (internal citation omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

On review, the Court is to "accord the ALJ's determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (internal citation omitted). "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## III. Analysis

### A. Objection 1

Plaintiff first objects to the Magistrate Judge's finding that substantial evidence supports the ALJ's Step Three determination that Plaintiff's impairments did not meet or medically equal the criteria of Listings 12.04 ("Depressive, bipolar and related disorders") and 12.06 ("Anxiety and obsessive-compulsive disorders").[3] (*See* ECF No. 26, PageID.2107 (citing ECF No. 25, PageID.2092)); 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Plaintiff states that the Magistrate Judge "ruled that Plaintiff's testimony did not establish substantial evidence to support a finding that she met the Paragraph B and C criteria" of these listings. (*Id.* (citing ECF No. 25, PageID.2094–2101).) Plaintiff states that the

---

[3] The first sentence in Plaintiff's first objection states: "Plaintiff objects to the Magistrate's ruling 'that substantial evidence supports the ALJ's Step 3 determination,' and 'supportably concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record.'" (ECF No. 26, PageID.2107 (quoting ECF No. 25, PageID.2092).) The language Plaintiff quotes regarding "the intensity, persistence, and limiting effects of her symptoms" appears in a portion of the R&R that quotes Defendant's summary judgment motion. In other words, that language is from an argument made by Defendant (which the Magistrate Judge agreed with), but it was not the Magistrate Judge's ruling, as Plaintiff appears to argue. Regardless, Plaintiff acknowledges in her objection that her testimony and "statements and subjective complaints" were inconsistent with the evidence in the record, as noted above. (*Id.* at PageID.2107–2108.)

6

Magistrate Judge's "main argument throughout, in agreement with the Commissioner, is that Plaintiff relied 'almost exclusively' on her own testimony to argue that she had marked limitations in the Paragraph B and C criteria." (*Id.* (quoting ECF No. 25, PageID.2094, 2100).)

Plaintiff does not dispute that she relied on her own testimony in her amended summary judgment motion or that her testimony was inconsistent with the evidence in the record. Her objection states:

> Although Plaintiff relied on her testimony, which was partially inconsistent with some of the medical evidence, it was the best evidence to determine the intensity of her disabilities for Listings 12.04 (depressive, bipolar, or related disorders) or 12.06 (anxiety or obsessive-compulsive disorder) under the paragraph B and C criteria.
>
> The issue is that Plaintiff's statements and subjective complaints about her disability were not entirely inconsistent with the objective medical evidence, but simply partially inconsistent with some identifications of progress. Jackson was diagnosed with Recurring Major Depressive Disorder. (Med. Rec., ECF No. 15-7, PageID.502). At various times, Plaintiff was taking prescriptions for Effexor, Celxa, Klonopin, and Prozac. *Id.* at 480, 482, 501. And she went to Henry Ford hospital for treatment for depression on January 3, 2009. (ECF No. 15-2, PageID.106). In addition to her severe depression, Jackson also suffered from hypertension, rhinitis, dizziness, muscle cramps, chest pain, facial numbness, hypokalemia, fibroid uterus, and chronic pelvic pain during the relevant 2009-2014 period. (Med. Rec., ECF No., 15-7,

> Page ID.480, 493, 495–496, 503, 505, 512, 596). Plaintiff's testimony confirmed that objective medical evidence. Her limitations were severe, and the evidence was sufficient to reverse the ALJ's decision.
>
> The Defendant failed to address any of Plaintiff's arguments related to meeting the criteria of paragraph C. (ECF No., PageID.2100).

(*Id.* at PageID.2107–2108.)

Defendant argues that Plaintiff's objection fails because she does not identify an error in the R&R and because the Magistrate Judge correctly determined that substantial evidence supports the ALJ's conclusion regarding Listings 12.04 and 12.06. (*See* ECF No. 28, PageID.2112–2116.)

The Court agrees with Defendant that Plaintiff's objection fails because it does not identify an error in the R&R. This court recently stated that

> [w]hen a party properly objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*. *See* Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error in the report are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error—

8

> have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*). Similarly invalid are objections "that merely reiterate[ ] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge." *See id.*

*McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022); *see Miller*, 50 F.3d at 380 ("In *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991), we held that a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.").

In this case, Plaintiff's first objection is invalid because she does not point to an error in the R&R. In her objection, she admits that she relied on her own testimony—which she believes "was the best evidence to determine the intensity of her disabilities for Listings 12.04 . . . or 12.06 . . . under the paragraph B and C criteria"—and acknowledges that her testimony was "partially inconsistent with some of the medical evidence." (ECF No. 26, PageID.2107; *see id.* at PageID.2108.) Plaintiff cites to

medical evidence that she believes her testimony "confirmed"; however, she does not show how this evidence relates to Listings 12.04 and 12.06. Plaintiff fails to identify specific "dispositive and contentious" issues for the Court to review, *Miller*, 50 F.3d at 380, and she does not "pinpoint a source of error" in the R&R. *McClure*, 2022 WL 730631, at *1.

Moreover, Plaintiff cites the same medical evidence in her objection that she referenced in her amended summary judgment motion.[4] (*See* ECF No. 22, PageID.2049 (mentioning that Plaintiff "also suffered from hypertension, rhinitis, dizziness, muscle cramps, chest pain, facial numbness, hypokalemia, fibroid uterus, and chronic pelvic pain during the relevant 2009-2014 period"); *id.* at PageID.2056 (listing "Recurring Major Depressive Disorder" as one of Plaintiff's medically determinable impairments); *id.* at PageID.2060 (referencing Plaintiff's "prescriptions for Effexor, Celxa, Klonopin, and Prozac" and that Plaintiff "went to Henry Ford for treatment on January 3, 2009").) To the extent Plaintiff relies on the same evidence to make an argument that she already asserted in her amended summary judgment motion, "[t]he Court is not

---

[4] Plaintiff referenced this evidence in her initial summary judgment motion as well. (*See* ECF No. 19, PageID.2020–2021, 2023, 2034.)

obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Pearson v. Comm'r of Soc. Sec.*, No. 2:15-cv-14031, 2017 WL 1190947, at *3 (E.D. Mich. Mar. 31, 2017) (internal citations omitted); *see Hofer v. Comm'r of Soc. Sec.*, No. 17-12526, 2018 WL 4568805, at *1 (E.D. Mich. Sept. 24, 2018) (finding that objections "that merely reiterate[ ] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge" are "invalid" (alterations in original) (quoting *Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016)). Therefore, Plaintiff's objection is improper.

Furthermore, as Defendant points out, "all but one of the records Plaintiff relies on pre-date the July 24, 2009, alleged onset date."[5] (ECF No. 28, PageID.2114; *see* ECF No. 15-7, PageID.480, 482 (January 2008);

---

[5] In addition to medical records, Plaintiff cites to a page from the hearing transcript in support of her assertion that "she went to Henry Ford hospital for treatment for depression on January 3, 2009." (ECF No. 26, PageID.2108 (citing ECF No. 15-2, PageID.106).) In the portion of the hearing transcript Plaintiff cites, Plaintiff's attorney references records from Henry Ford Hospital that he says are "dated . . . January 3rd, 2008." (ECF No. 15-2, PageID.106.) Therefore, Plaintiff's records from Henry Ford Hospital related to her "treatment for depression" also pre-date the July 24, 2009 alleged onset date.

*id.* at PageID.493 (April 2008); *id.* at PageID.495–496 (April 2009); *id.* at PageID.501–502 (January 2009); *id.* at PageID.503, 505, 512 (May 2009); *id.* at PageID.596 (September 2011).) Plaintiff does not explain in her objection how these records relate to her testimony, the relevant period of disability, or Listings 12.04 and 12.06 to illustrate that a particular error in the R&R exists.

Additionally, Plaintiff's assertion in the last sentence of her objection that Defendant "failed to address any of Plaintiff's arguments related to meeting the criteria of paragraph C" lacks any elaboration. (ECF No. 26, PageID.2108.) Because Plaintiff failed to develop this argument, "she has forfeited it." *Chicora v. Comm'r of Soc. Sec.*, 852 F. App'x 968, 971 n.1 (6th Cir. 2021) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited]. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (alterations in original))).

Even upon a review of the merits of the objection, Plaintiff's objection is overruled because she is asking that the Court reweigh the

evidence, and the Court's "task is not to reweigh the evidence. That is solely the province of the Secretary." *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (internal citation omitted). The R&R states that "accrediting [Plaintiff's] testimony over the cited records would require the Court to inappropriately re-weigh the evidence," which the Court "is not permitted to do." (ECF No. 25, PageID.2096, 2098 (alteration added) (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).) Plaintiff has not identified an error in these portions of the R&R.

Accordingly, Plaintiff's first objection is overruled.

### B. Objection 2

Plaintiff's second objection relates to the Magistrate Judge's finding that the ALJ did not err in his assessment of Plaintiff's RFC. (*See* ECF No. 26, PageID.2109.) Plaintiff takes issue with the Magistrate Judge's

> ruling "that although Plaintiff's 'medically determinable impairments could reasonably be expected to cause the alleged symptoms,' her 'statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record,'"[6] and therefore her symptoms do not

---

[6] The Court notes that the language Plaintiff quotes is from a portion of the R&R that quotes the ALJ's decision. In this part of the R&R, the Magistrate Judge

13

limit her ability to perform work-related activities. (ECF No. 25, PageID.2101–2102).

(*Id.*) Plaintiff's objection is as follows:

> Again, although Plaintiff relied on her testimony, in part, which was partially inconsistent with some of the medical evidence, it was the best evidence to determine whether her symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a), (c).
>
> Plaintiff's statements and subjective complaints about her disability confirmed, and were consistent with the objective medical evidence: her diagnosis for Recurring Major Depressive Disorder, (Med. Rec., ECF No. 15-7, PageID.502); her prescriptions for Effexor, Celxa, Klonopin, and Prozac, *id.* at 480, 482, 501; her treatment for depression on January 3, 2009, (ECF No. 15-2, PageID.106); and her diagnoses for hypertension, rhinitis, dizziness, muscle cramps, chest pain, facial numbness, hypokalemia, fibroid uterus, and chronic

---

discussed a "two-step process" an ALJ must follow to evaluate whether a claimant is disabled. (ECF No. 25, PageID.2101.) The Magistrate Judge concluded that

> [h]ere, the ALJ followed the two-step process, outlining Plaintiff's subjective statements as well as the medical evidence of record, but ultimately determined, as stated above, that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (ECF No. 15-2, PageID.74.)

(*Id.* at PageID.2101–2102.)

14

> pelvic pain during the relevant 2009-2014 period. (Med. Rec., ECF No., 15-7, Page ID.480, 493, 495–496, 503, 505, 512, 596).

(*Id.*) Thus, in her second objection, Plaintiff again does not dispute her reliance on her own testimony and that her testimony was inconsistent with the evidence in the record, and she cites to the same medical evidence she referenced in her first objection that she believes shows consistency between her testimony and "the objective medical evidence." (*Id.*)

Defendant argues that Plaintiff's objection is "unpersuasive" because it "does not allege specific error on Magistrate Judge Patti's part." (ECF No. 28, PageID.2116 (citing ECF No. 26, PageID.2019; *Howard*, 932 F.2d at 509).) Defendant also argues that Magistrate Judge Patti "correctly ruled that the ALJ properly found that Plaintiff's subjective symptoms were not entirely consistent with the evidence" and that Plaintiff has not shown a compelling reason to disturb "the ALJ's highly deferential subjective symptom evaluation," which is "virtually unchallengeable." (*Id.* (quoting *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).) Defendant believes that Plaintiff's "second objection is

15

essentially a regurgitation of her first objection." (*Id.* at PageID.2116–2117.)

The Court agrees with Defendant that Plaintiff's second objection—like her first objection—does not identify an error in the R&R. This deficiency is fatal to Plaintiff's objection. Because "Plaintiff does nothing more than disagree with [the] Magistrate Judge['s] . . . determination, without explaining the source of any error," her "non-specific objection[ is] invalid." *Hofer*, 2018 WL 4568805, at *1 (alterations added) (citing *Bellmore-Byrne*, 2016 WL 5219541, at *1). *See McClure*, 2022 WL 730631, at *1; *Miller*, 50 F.3d at 380; *Chicora*, 852 F. App'x at 971 n.1.

Moreover, Plaintiff's reference in her second objection to the same medical evidence she cited in her first objection (and her amended summary judgment motion) fails to constitute a proper objection, as discussed above. Plaintiff provides no explanation as to how this (largely pre-alleged onset date) evidence relates to her testimony, the relevant period of disability, or the ALJ's RFC assessment. Therefore, Plaintiff's second objection is rejected.

Plaintiff's second objection is also rejected because she is again asking the Court to reweigh the evidence. As noted above, reweighing the

16

evidence "is solely the province of the Secretary." *Mullins*, 680 F.2d at 472 (internal citation omitted). The R&R states that "Plaintiff does not challenge [the ALJ's] finding as to her testimony's inconsistency with the 'medical evidence and other evidence in the record[,]' nor can the Court re-weigh it in her favor." (ECF No. 25, PageID.2102 (first alteration added) (citing *Reynolds*, 424 F. App'x at 414).) Plaintiff has identified no error in this portion of the R&R.

Accordingly, Plaintiff's second objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 25.) Plaintiff's motion for summary judgment is DENIED AS MOOT (ECF No. 19), Plaintiff's amended motion for summary judgment is DENIED (ECF No. 22), and Defendant's motion for summary judgment is GRANTED. (ECF No. 24.)

IT IS SO ORDERED.

Dated: March 31, 2022         s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

17

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2022.

s/William Barkholz
Case Manager
